IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CHRISTOPHER A. JONES,         )
                                    )
          Plaintiff,        )
                                    )
                                    )     CIV-16-426-D
v.                            )
                                    )
OKLAHOMA CITY COUNTY JAIL,   )
      et al.,                )
                                    )
         Defendants.     )

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983.[1] The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).

In his Complaint, Plaintiff states that he is a Georgia state prisoner currently incarcerated in a Georgia correctional facility. The Defendants named in the Complaint are (1) "Oklahoma City County Jail;" (2) "Oklahoma City Fugitive Task Squad;" and (3) "Oklahoma City Sheriff Dept." Plaintiff alleges that, prior to his extradition from Oklahoma

---

[1]In addition to 42 U.S.C. § 1983, Plaintiff also identifies Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), as a basis for the Court's assertion of federal jurisdiction. However, Plaintiff has not named a federal official or entity as a defendant, and he is a state prisoner seeking relief from state or county entities. Therefore, the pro se action is generously construed to assert claims solely under 42 U.S.C. § 1983.

City to Georgia, he did not receive several federally protected measures that he is mandated to receive pursuant to the Uniform Criminal Extradition Act (of which Oklahoma and Georgia are parties), and/or the Extradition Clause[2] (U.S. Constitution, Art. IV, sec. 2, cl. 2) and 18 U.S.C. § 3182. Specifically, he contends that he was arrested in Oklahoma City on a "falsified fugitive arrest [that] was written on notebook paper." In his second claim, Plaintiff alleges that "there were no search and seizure warrant of my residence . . . " In a third claim, Plaintiff alleges that the arresting officials with the Oklahoma City fugitive task force did not read Plaintiff his rights under the Miranda decision at the time of his arrest or at any time during the nine days that he was detained in the Oklahoma County Detention Center prior to being extradited to Georgia to face criminal changes pending there. See Miranda v. Arizona, 384 U.S. 436, 467 (1966). As relief for these claims, Plaintiff requests "whatever is deemed necessary by law" and also requests that his "conviction be overturned because it is the root of my conviction." Complaint, at 7-8.

Plaintiff admits that he has raised identical claims in a previous action filed in this Court. Taking judicial notice of the Court's own records, see United States v. Ahidley, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007)(recognizing district court has discretion to take judicial notice of publicly-filed records concerning matters bearing directly upon case);Van Woudenberg ex rel. Foor v. Gibson, 211 F.3d 560, 568 (10th Cir. 2000)(court may "take

_____

[2]The Extradition Clause reads: "A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime."

judicial notice of its own files and records, as well as facts which are a matter of public record"), abrogated on other grounds by McGregor v. Gibson, 248 F.3d 946, 955 (10th Cir. 2001), Plaintiff did, indeed, file a previous 42 U.S.C. § 1983 action in this Court on January 15, 2015. In Christopher A. Jones v. Georgia State of, et al., Case No. CIV-15-49-D, Plaintiff alleged, as he does herein, that he was illegally arrested in Oklahoma City by a fugitive task force using a falsified fugitive warrant and was falsely imprisoned in the Oklahoma County Detention Center for several days pending his extradition to Georgia, arraignment in Georgia, and subsequent conviction in Georgia on state criminal charges. In the previous action, Plaintiff alleged that these events occurred in November 2006. That action was eventually dismissed without prejudice due to Plaintiff's failure to comply with the Court's orders.

Plaintiff thereafter filed a second 42 U.S.C. § 1983 action in this Court. In Christopher A. Jones v. Oklahoma County Jail, et al., Case No. CIV-15-152-D, Plaintiff again alleged the same claims asserted in the previous action, and he named the same three Defendants he names herein. That action was dismissed without prejudice due to Plaintiff's repeated failures to comply with orders to cure deficiencies in his *in forma pauperis* application.

I. Statutory Screening of Prisoner Complaints

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant,

such as Plaintiff, who is proceeding *in forma pauperis*, the court has a duty to screen the complaint to determine its sufficiency. See 28 U.S.C. § 1915(e)(2). In this initial review, the court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

To survive this review, the plaintiff must plead "enough facts to state a claim that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In applying this standard the court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the plaintiff. See Leverington v. City of Colo. Springs, 643 F.3d 719, 723 (10th Cir. 2011).

Although a *pro se* litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). See Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008)(court reviewing *pro se* complaint does not "assume the role of advocate")(quotations and citation omitted). Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

An initial review of the sufficiency of the Complaint under 28 U.S.C. §§ 1915A(b) and 1915(e)(2) has been conducted, and based on this review the undersigned recommends dismissal of the cause of action on filing.

II. Challenge to Fact or Duration of Confinement

On its face, Plaintiff's Complaint is fatally flawed in several respects.  First, Plaintiff seeks to have his Georgia state convictions overturned.  However, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, 481 (1994)(explaining Preiser v. Rodriguez, 411 U.S. 475, 488–90 (1973)). See Hill v. McDonough, 547 U.S. 573, 579 (2006)("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.")(quotation marks and citation omitted); Boutwell v. Keating, 399 F.3d 1203, 1209 (10th Cir. 2005)(although "[a] prisoner may use § 1983 to challenge the conditions of his confinement," habeas is "the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release from that confinement").  To the extent Plaintiff seeks to overturn his federal convictions in this 42 U.S.C. § 1983 action, his claim should be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) as he has not stated a plausible § 1983 claim.

III. Statute of Limitations

Plaintiff's claims alleging violations of his extradition rights are properly brought under 42 U.S.C. § 1983. See Ortega v. City of Kansas City, Kan., 875 F.2d 1497, 1500 (10th Cir. 1989)(recognizing "there is ample circuit court authority for the proposition that failure to comply with the provisions of the Uniform Extradition Act as enacted by the detaining

state can support recovery on § 1983 claims"). Nevertheless, Plaintiff's claims are subject to the applicable statute of limitations governing 42 U.S.C. § 1983 claims.

Plaintiff alleged in the complaints filed in his previous actions in this Court that his arrest in Oklahoma City under the allegedly falsified fugitive warrant occurred in 2006. The applicable statute of limitations for a § 1983 action arising in Oklahoma is two years. Meade v. Grubbs, 841 F.2d 1512, 1522 (10th Cir. 1998). Thus, Plaintiff must have brought his action within two years of the date on which his claims accrued, as determined by federal law. Smith v. City of Enid ex rel. Enid City Comm'n, 149 F.3d 1151, 1154 (10th Cir .1998). Under federal law, a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." Kripp v. Luton, 466 F.3d 1171, 1175 (10th Cir. 2006) (internal quotation marks omitted).

Plaintiff is generally alleging that he was falsely arrested by Oklahoma law enforcement officials on an invalid fugitive warrant. "[T]he tort of false arrest/false imprisonment arises out of detention without legal process. . . ." Young v. Davis, 554 F.3d 1254, 1257 (10th Cir. 2009) (citing Wallace v. Kato, 549 U.S. 384, 389 (2007)). "[A] claim for false arrest/false imprisonment accrues when the victim becomes held pursuant to legal process, 'for example, [when] he is bound over by a magistrate or arraigned on charges.'" Id. at 1256–57 (quoting Wallace, 549 U.S. at 389–90).

In Plaintiff's previous § 1983 action, Christopher A. Jones v. Oklahoma City County Jail, Case No. CIV-15-152-D, Plaintiff admitted in the complaint that following his arrest in Oklahoma City he was detained in the Oklahoma County Detention Center and taken before

a judge within two days after his arrest. Consequently, the latest possible accrual date for all of Plaintiff's claims alleged in this action was in 2006 when Plaintiff "became lawfully detained pursuant to legal process. . . .," was allegedly denied counsel, and was allegedly not given his Miranda rights. Young, 554 F.3d at 1257. Plaintiff filed the instant action on April 25, 2016. Because Plaintiff was aware of his injuries in 2006, his § 1983 claims alleged in the instant action are barred by the expiration of the statute of limitations.

Plaintiff has provided no evidence to support the application of Oklahoma's limited tolling exceptions.[3] See Alexander v. Oklahoma, 382 F.3d 1206, 1217 (10th Cir. 2004). As it is "clear from the face of the complaint that there are no meritorious tolling issues," the action may be dismissed *sua sponte*. Vasquez Arroyo v. Starks, 589 F.3d 1091, 1097 (10th Cir. 2009). See Fratus v. Deland, 49 F.3d 673, 674–675 (10th Cir. 1995)(court may consider affirmative defenses *sua sponte* for purpose of dismissal under 28 U.S.C. § 1915 when defense is obvious from face of complaint). Hence, Plaintiff's claims should be dismissed pursuant to 28 U.S.C. § 1915A(b) and 1915(e)(2)(B) as they fail to state a plausible § 1983 claim for relief.

IV. Municipal Liability

Even if Plaintiff could show that he timely filed this action within two years after he became aware of his alleged injuries, Plaintiff has named only Oklahoma City or Oklahoma County entities as Defendants. The Supreme Court has clearly established that there is no

---

[3]Plaintiff is advised that he may describe with specificity why statutory or equitable tolling should apply in an objection to this Report and Recommendation.

*respondeat superior* liability under 42 U.S.C. § 1983. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*")(citing, e.g., Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)). Thus, "a plaintiff must plead that each Government-official defendant through the official's own individual actions, has violated the Constitution." Id.

Construing Plaintiff's claims as claims against Oklahoma City and Oklahoma County, a municipality such as Oklahoma City or Oklahoma County cannot be held liable under 42 U.S.C. § 1983 solely because its employees inflicted injury. Graves v. Thomas, 450 F.3d 1215, 1218 (10th Cir. 2006). For a city or county to be liable under § 1983 for the acts of its employees, a plaintiff must prove: "(1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." Becker v. Bateman, 709 F.3d 1019, 1025 (10th Cir. 2013)(internal quotation marks omitted). See Monell, 436 U.S. at 690 n. 55 (to state § 1983 claim against municipal/county official in his or her official capacity the plaintiff must show that the county's allegedly unconstitutional actions resulted from a policy or custom adopted or maintained with deliberate indifference to his constitutional rights). "That is, a plaintiff must show that the [city or county] action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the [city or county] action and the deprivation of federal rights." Bd. of County Comm'rs v. Brown, 520 U.S. 397, 404 (1997).

Plaintiff has not alleged that Oklahoma City or Oklahoma County maintains an

official policy, or even a custom or practice, that caused the allegedly illegal arrest and extradition of Plaintiff to Georgia in 2006. Therefore, he has failed to state a claim for relief under 42 U.S.C. § 1983 against Defendants, and the cause of action against Defendants should be dismissed under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b) as it fails to state a plausible § 1983 claim for relief.

V. Validity of Arrest/Search and Seizure/Advice of Miranda Rights

Finally, even if Plaintiff's action was timely filed within two years after he became aware of his alleged injuries, Plaintiff has failed to state any plausible claim for relief under 42 U.S.C. § 1983. First, Plaintiff alleges that his arrest in Oklahoma City was unlawful simply because he was not shown the fugitive arrest warrant at the time of his arrest. But "[a] law enforcement officer may make a warrantless arrest of a fugitive from another jurisdiction so long as the arresting officer has probable cause and it is an otherwise lawful arrest in the officer's jurisdiction." Gee v. State of Kan., 912 F.2d 414, 418 (1990). Plaintiff has not alleged that the fugitive arrest warrant did not exist. He merely alleges that the arresting officers did not show him a copy of the official warrant at the time of his arrest. This claim does not allege a constitutional deprivation. See Lewis v. Nelson, 1997 WL 291177, * 3 (10th Cir. 1997)(unpublished op.)(recognizing "under neither federal statutory law, nor under Constitutional law, is Lewis provided the right to be shown an arrest warrant at the time of arrest"). Plaintiff admits that he was a fugitive from justice at the time of his arrest in Oklahoma City. His own documentary evidence attached to the Complaint reflects criminal charges had been filed against him in Georgia. Plaintiff also admits that Georgia

had issued a fugitive warrant as he alleges the "fugitive warrant was written on notebook paper." Plaintiff also admits that he had left Georgia and was living in Oklahoma City. See Gee, 912 F.2d at 418 ("A fugitive from justice is a person who is 1) suspected of or has been convicted of committing a crime, 2) sought by the jurisdiction so that the jurisdiction may subject the person to its criminal justice system, and 3) has left the jurisdiction and is found within the boundaries of another."). Plaintiff's allegations indicate that the Oklahoma officials had probable cause to arrest Plaintiff on a fugitive warrant and detain him pending his extradition to Georgia.

Moreover, in this circuit "the only remedy available for a *Miranda* violation is the suppression of any incriminating statements." Id. (citing Bennett v. Passic, 545 F.2d 1260, 1263 (10th Cir. 1976). Finally, although Plaintiff alleges that "there were no search and seizure warrant of my residence . . .," Plaintiff does not allege that any law enforcement official in Oklahoma conducted a search of Plaintiff's residence. Thus, Plaintiff has not stated a plausible claim for relief under 42 U.S.C. § 1983.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be DISMISSED upon filing pursuant to 28 U.S.C. § 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. It is further recommended that the dismissal of this cause of action count as one "prior occasion" or "strike" pursuant to 28 U.S.C. §1915(g). See Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1176, 1177 (10th Cir. 2011)("When an action or appeal is dismissed as frivolous, malicious, or for failure to state

10

a claim under 28 U.S.C. § 1915(e)(2)(B), the dismissal counts as a strike" and "a dismissal

under [28 U.S.C. ] § 1915A counts as a strike when the action was dismissed as frivolous,

malicious, or for failure to state a claim . . . .").

Plaintiff is advised of the right to file an objection to this Report and Recommendation

with the Clerk of this Court by ____ June 6th ___, 2016, in accordance with 28 U.S.C. § 636

and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation

would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d

656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues

raised for the first time in objections to the magistrate judge's recommendation are deemed

waived.").

This Report and Recommendation disposes of all issues referred to the undersigned

Magistrate Judge in the captioned matter, and any pending motion not specifically addressed

herein is denied.

ENTERED this ____ 17th ____ day of ____ May ____, 2016.



GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE